IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANNY LEE WARNER, JR.,**

    **Plaintiff,**

    v.                                                     Civil Action 2:25-cv-0136
                                                                     Chief Judge Sarah D. Morrison
**TAD PALMER,** *et al.*,                           Magistrate Judge Elizabeth P. Deavers

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, under the name of Danny Lee Warner, Jr., initiated Case No. 2:24-cv-1565 on April 4, 2024, by moving to proceed *in forma pauperis*. By Order dated February 11, 2025 (ECF No. 44) in that case, the Court severed the First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims against Defendants Tad Palmer, M Casto, Chad Kohn, and Michael Davis for denying Plaintiff's religious accommodations and preventing him from practicing his religion, along with Plaintiff's RLUIPA claims against the same Defendants and directed the initiation of a new civil case. The Clerk opened the current case, Case No. 2:25-cv-136, on that same date, and caused the docket to reflect the following four Defendants: Tad Palmer, M Casto, Chad Kohn, and Michael Davis. Quickly thereafter, Plaintiff moved for leave to amend the case caption (ECF No. 9), explaining that he had neglected to request that the severed claims proceed under "his LEGAL, religious name," Heathen Blodharn. (ECF No. 9.) He filed an amended motion on March 3, 2025. (ECF No. 12.)

In an Order dated May 29, 2025, the Court described the ensuing circumstances, which included Plaintiff's objections and a ruling by the District Judge, as follows:

> By Order dated March 17, 2025, the Court directed Plaintiff to file a certified copy of a court order indicating his official change of name from Danny Lee Warner, Jr.

> to Aldabjarn Heathen Blodharn under the laws of the United States and/or a state. The Court further directed Plaintiff to file an Amended Complaint, limited to only the claims set forth against the Defendants in this severed case exactly as he had alleged them in his original filing as screened by the Court in Case No. 2:24-cv-1565. The Court explained that the Amended Complaint was required to be captioned and signed under Plaintiff's full legal name. The Court further instructed that, for purposes of clarity, the caption should set forth Plaintiff's full legal name followed by any former name using an f/k/a designation. Plaintiff was required to make both filings within thirty days and was advised that the Court would not order service on Defendants in this severed case until Plaintiff had done so.
>
> On April 14, 2025, Plaintiff submitted documentation reflecting his legal name change in connection with his objection. (ECF Nos. 14-2, 14-3.) To date, however, Plaintiff has not submitted an Amended Complaint as directed. Accordingly, Plaintiff is **DIRECTED** to file **WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER**, an Amended Complaint, limited to only the claims set forth against the Defendants in this severed case exactly as he had alleged them in his original filing as screened by the Court in Case No. 2:24-cv-1565. The Amended Complaint shall be captioned and signed under Plaintiff's full legal name, and, for purposes of clarity, the caption should set forth Plaintiff's full legal name followed by any former name using an f/k/a designation.
>
> In the interim, Plaintiff's motion for leave to amend the case caption remains held in abeyance and the Court will not order service on Defendants. Plaintiff is **SPECIFICALLY CAUTIONED** that his continued failure to submit an Amended Complaint as directed will result in the recommendation that this action be dismissed. Recognizing certain claims have already been screened, Plaintiff also is **SPECIFICALLY ADVISED** that, if his Amended Complaint is not limited to only the claims exactly as alleged in his original filing previously screened by the Court, this will be considered a further amendment and any new or altered claims will be subject to initial screening under the PLRA before service on Defendants will be ordered. *See, e.g., Braunskill v. Smith,* No. 1:24-CV-140, 2025 WL 1383401, at *3 (S.D. Ohio May 13, 2025) (like an original pleading, an amended complaint is subject to initial screening under the PLRA).

(ECF No. 18.)

Following that Order, Plaintiff requested, and was granted, an extension of time until August 2, 2025, for filing his Amended Complaint. (ECF Nos. 19, 20.)  On August 7, 2025, Plaintiff filed an Amended Complaint.  (ECF No. 21.)  Upon a quick review, the Court issued another Order, noting the following deficiencies in Plaintiff's amended pleading:

2

- It is not captioned using Plaintiff's full legal name of Aldabjarn Heathen Blodharn followed by any former name using an f/k/a designation as directed by the Court.

- It totals 69 pages and is comprised of six pages of allegations numbered 1 through 43 followed by 63 pages of exhibits. The numbered allegations are limited to a brief statement of jurisdiction and venue (¶¶ 1-4), the identification of the parties (¶¶ 5-16), and what Plaintiff has deemed "facts" (¶¶ 17-43). As such, it fails to set forth any identified claims or a request for relief in violation of Federal Rule of Civil Procedure 8.2 *Kirkland v. ODRC,* No. 4:23-CV-00305, 2023 WL 8807240, at *3 (N.D. Ohio Dec. 19, 2023) ("Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)"). Importantly, the Court is not required to construct claims against defendants on behalf of a pro se plaintiff. *Phillips v. Johnson & Johnson*, No. 1:23 CV 01152, 2024 WL 1765583, at *2 (N.D. Ohio Apr. 24, 2024). Accordingly, it will not do so here.

- It is not signed by Plaintiff at all, let alone signed using his full legal name, all in direct violation of Federal Rule of Civil Procedure 11.[1]

(ECF No. 22.) The Court granted Plaintiff an additional fourteen days to cure the deficiencies and continued holding in abeyance the motion for leave to amend the case caption. (*Id.*)

---

[1] The Court also noted the following by way of footnote:

The caption suggests Plaintiff's intention to add three new Defendants, including Annette Chambers-Smith, in her individual capacity and in her official capacity as Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Tracy Reveal, in her individual capacity and in her official capacity as the Interstate Corrections Compact Coordinator for the ODRC; and Damon Butts, in his individual capacity and in his official capacity as chaplain at the Mansfield Correctional Institution ("MANCI"). (ECF No. 21 at ¶¶ 6, 7, 11, 16.) The body of the Amended Complaint further indicates an intention to add as Defendants, in both their individual and official capacities, Alexander Kostenko, chaplain at the Trumbull Correctional Institution; Earlena Shepherd, described as "directly responsive for refusing to allow Plaintiff to use his religious name or ensure that ODRC records reflect Plaintiff's legal name;" and Justin Henry, the Unit Manager at MANCI. (Id. at ¶¶ 12, 14, 15, 16.)

As noted above, the Court already has advised Plaintiff that any new or altered claims will be subject to initial screening under the PLRA before service on any Defendants will be ordered. The addition of new Defendants is an alteration sufficient to trigger the requirement that the Court conduct another screen. Plaintiff's multiple deficiencies, however, preclude the Court's ability to undertake any required screen at this time.

3

Rather than cure the noted deficiencies, Plaintiff objected to all aspects of that Order on September 2, 2025. (ECF No. 23.) The assigned District Judge overruled Plaintiff's objections on September 12, 2025. (ECF No. 24.) Accordingly, on September 16, 2025, the Undersigned granted Plaintiff an additional fourteen days "to file an Amended Complaint in a single document, properly captioned and signed." (ECF No. 25.) To date, Plaintiff has not complied with the Court's most recent Order nor requested an extension of time in which to do so.

## I.

Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," Fed. R. Civ. P. 41(b). In determining whether dismissal is an appropriate sanction, courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Although none of the above factors is typically considered outcome dispositive, dismissal of an action is proper if the record demonstrates delay or contumacious conduct. "Contumacious conduct" refers to behavior that demonstrates resistance to authority and stubborn disobedience. *Id*.

Here, as detailed above, Plaintiff has demonstrated contumacious conduct. Rather than simply comply with the Court's directives to caption and sign his Complaint using his full legal name and utilizing the f/k/a designation, Plaintiff has refused to do so for nearly six months. In the meantime, he has consumed the Court's time and resources with meritless objections. Not only have the objections been meritless, through them Plaintiff has openly challenged this

4

Court's authority to manage its own docket,[2] specifically declared his intention not to comply as directed, and accused the Court of violating his constitutional rights.  In short, the Court's orders repeatedly have been met with Plaintiff's open defiance.  Notably, more than once Plaintiff has been specifically cautioned that his continued failure to comply with the Court's orders would result in a recommendation of dismissal.  (ECF Nos. 13, 22, 25.)   Nevertheless, Plaintiff has persisted in his stubborn resistance to the Court's authority.

Under these documented circumstances, the Court **RECOMMENDS** that this action be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure Rule 41(b).  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.

---

[2] For example, Plaintiff challenges the requirement that he use the /f/k/a designation, a directive related to the Court's docket management, where Plaintiff is continuing to proceed in his earlier filed case under the name Danny Lee Warner, Jr., a name which, according to Plaintiff's filings in this case, has not been his legal name since December 12, 2019.  (ECF No. 14-3.)

Fed. R. Civ. P. 72(b).

      The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**DATE: November 20, 2025**         */s/ Elizabeth A. Preston Deavers*
      **ELIZABETH A. PRESTON DEAVERS**
      **UNITED STATES MAGISTRATE JUDGE**